# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUBBLE GUM PRODUCTIONS, LLC,<br><br>    *Plaintiff*,<br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>    *Defendant.* | No. 1:12-mc-00382 (ESH)<br><br>[Underlying civil action pending in the U.S. District Court for the Southern District of Florida, No. 1:12-cv-20367] |

**COMCAST CABLE COMMUNICATIONS, LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF RELATED CASE AND REQUEST FOR SUMMARY DENIAL OF PLAINTIFF'S MOTION TO COMPEL, IMMEDIATE DISMISSAL OF THIS ACTION, AND AN ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY IT SHOULD NOT BE SANCTIONED**

Comcast Cable Communications, LLC ("Comcast") hereby submits this Response to Plaintiff Bubble Gum Productions, LLC's ("Bubble Gum's") Notice of Designation of Related Civil Cases Pending In This or Any Other United States Court ("Related Case Notice") (Dkt. 2), and respectfully requests summary denial of Bubble Gum's Renewed Motion to Compel (Dkt. 4) and immediate dismissal of this action. Comcast also respectfully requests that this Court order Bubble Gum to show cause why it should not be sanctioned for misrepresenting the status of the related case. Specifically, Bubble Gum failed to notify this Court that the United States District Court for the Southern District of Florida *dismissed* Plaintiff's claims and *vacated* its order granting early discovery in the underlying copyright infringement action on July 19, 2012, (*see Bubble Gum Productions, LLC v. Does 1-80*, No. 1:12-cv-20367-PAS, [Dkt. 40] (S.D. Fla. July 19, 2012) (attached hereto as Ex. A)) – the very same day that Bubble Gum filed its initial Motion to Compel in this Court (Dkt. 1), and, incredibly, four days *before* Bubble Gum filed its

Amended Motion to Compel here. (Dkt. 4). The Southern District of Florida's July 19 Order terminated Bubble Gum's right to subpoena Comcast so Bubble Gum has no authority to seek *any* order compelling Comcast to disclose *any* information.

In further support of its Response, Comcast notes the following:

1. Bubble Gum commenced this miscellaneous action on July 19, 2012 when it filed a Motion to Compel ("Motion") against Comcast. (Dkt. 1). In the caption of its Motion, and in the Related Case Notice (Dkt. 2), Bubble Gum listed *Bubble Gum Productions, LLC v. Does 1-80*, No. 1:12-cv-20367-PAS (hereinafter the "Florida Action"), Plaintiff's underlying copyright infringement claim, as a related case. In its Motion, Bubble Gum also noted that it served a subpoena, to which Comcast objected, pursuant to an Order in the Florida Action "granting [Bubble Gum] leave to take expedited discovery." (Dkt. 1, Mot. at 1). In its supporting Memorandum, Bubble Gum specifically referred to the Florida court's April 6, 2012 discovery order granting it leave to serve subpoenas on ISPs, including Comcast. (Dkt. 1, Mem. at 2).

2. The same day Bubble Gum filed its motion to compel here, the Southern District of Florida issued an "Omnibus Order Granting Defendants' Motions to Sever, Dismissing the Claims Against Does 2-80 Without Prejudice, and Vacating the Portion of the Court's Order Granting Early Discovery As to Does 2-80." *Bubble Gum Productions, LLC v. Does 1-80*, No. 1:12-cv-20367-PAS, [Dkt. 40] (S.D. Fla. July 19, 2012) ("July 19 Order") (Ex. A). In the July 19 Order, the court found misjoinder of the 80 Doe defendants and, recognizing that it could not quash the subpoenas issued by this Court, instead "vacate[d] the portion of its Order Granting Leave to Conduct Early Discovery [DE 9] that authorizes the issuance of the subpoenas on the ISPs for identifying information for Does 2-80 as these Defendants are no longer parties to this lawsuit." (*Id*. at 10). The Southern District of Florida further directed that Bubble Gum "notify

2

each ISP to whom it has issued a subpoena that Plaintiff is no longer authorized to seek early discovery with respect to Does 2-80 who are no longer parties to this litigation." (*Id*.) The court noted that if Plaintiff failed to so notify the ISPs "it will be subject to sanctions." (*Id*. at 10 n.10) (*citing Mick Haig Prods. E.K. v. Stone*, 2012 WL 2849378 (5th Cir. July 12, 2012)). In addition, because it was not clear which IP address was associated with Doe 1 who will remain in the case, the court provided that "[n]o later than July 30, 2012, Plaintiff must file a notice identifying which IP address belongs to Doe Defendant One." (*Id*. at 11).

       3.     Bubble Gum should not have filed this miscellaneous proceeding, or at least immediately dismissed this proceeding once the July 19 Order was issued in the Florida Action. Pursuant to the explicit ruling of the Southern District of Florida, Bubble Gum's underlying action is entirely dismissed as to Does 2-80, and Bubble Gum lacks any authority to demand discovery from Comcast regarding Does 2-80. At best, after notifying the ISPs and the court in Florida which IP address belongs to Doe Defendant One, Bubble Gum could then issue a new subpoena to the appropriate ISP for the identifying information as to that defendant.[1] However, pursuant to the Southern District of Florida's July 19 Order, any subpoena issued pursuant to the original April 6 discovery order is invalid and Bubble Gum's motion to compel Comcast's compliance with its subpoena, based as it is on that now vacated order, is completely unauthorized.

       4.     Bubble Gum's activities in this docket are all the more problematic because after this Court *sua sponte* denied Bubble Gum's Motion without prejudice on July 23, 2012, and directed Bubble Gum to file "a corrected motion that properly and consistently identifies

---

[1] The exhibit attached to the complaint in the Florida Action lists the "first" IP address as one belonging to Verizon Online. *Bubble Gum Productions, LLC v. Does 1-80*, No. 1:12-cv-20367-PAS, [Dkt. 1-3 at 2] (S.D. Fla. January 30, 2012). Bubble Gum would have to change the order of IP addresses in that exhibit to claim a different IP address belongs to "Doe Defendant One."

3

petitioner," (Dkt. 3, Order at 1), Bubble Gum filed an Amended Motion to Compel against Comcast ("Amended Motion") on July 23, 2012 – four days after the Southern District of Florida *dismissed* and *vacated* the underlying discovery order in the Florida Action.  (Dkt. 4).  Bubble Gum totally ignored the July 19 Order in its Amended Motion, and instead referenced the vacated April 6 discovery order as the basis for its subpoena and motion to compel.

5. Comcast respectfully requests that this Court order Bubble Gum to show cause why it should not be sanctioned for misrepresenting the status of the related case and failing to withdraw its motion to compel and notify this Court that the Florida Action has been dismissed as to Does 2-80 and the April 6 discovery order vacated, which made any subpoenas issued thereunder void and eliminated any basis for its motion to compel.

WHEREFORE, in light of the Southern District of Florida's order dismissing Bubble Gum's claims against Does 2-80 and vacating its order granting early discovery, Comcast respectfully requests that this Court summarily deny Plaintiff's amended motion to compel compliance with the subpoena, dismiss the above-captioned miscellaneous action, and consider sanctioning Plaintiff for misleading this Court and failure to comply with the Order in the underlying related case.

Dated:  July 26, 2012

Respectfully submitted,

/s/ *John D. Seiver*
John D. Seiver
Leslie G. Moylan
Lisa B. Zycherman
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
(202) 973-4200

*Counsel for Non-Party Comcast Cable Communications Management, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of July 2012, true and correct copies of the foregoing document was served via ECF and U.S. Mail upon all counsel of record:

Paul A. Duffy
PRENDA LAW INC.
161 N. Clark Street
Suite 3200
Chicago, IL 60601
(312) 880-9160
Fax: (312) 893-5677
Email: paduffy@wefightpiracy.com

                                                    */s/ John D. Seiver*
                                                    John D. Seiver