# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20367-CIV-SEITZ/SIMONTON

BUBBLE GUM PRODUCTIONS, LLC,

    Plaintiff,

v.

DOES 1 - 80,

    Defendants.

_____/

## OMNIBUS ORDER GRANTING DEFENDANTS' MOTIONS TO SEVER, DISMISSING THE CLAIMS AGAINST DOES 2-80 WITHOUT PREJUDICE, AND VACATING THE PORTION OF THE COURT'S ORDER GRANTING EARLY DISCOVERY AS TO DOES 2-80

THIS MATTER is before the Court on Defendants' Motions to Sever/Dismiss and for a Protective Order and/or to Quash Subpoena [DE 13, 14, 15, 18, 19, 27, 33][1]. Plaintiff, a limited-liability company that is the exclusive holder of rights to a copyrighted adult video, "Exp-Teens - November 25, 2011" ("Video"), alleges that Defendants illegally reproduced and distributed the Video. Defendants' identities are unknown to Plaintiff. Plaintiff knows only the Internet Protocol address ("IP address")[2] for each Defendant, which Plaintiff acquired through its monitoring software. To obtain the Defendants' identities in order to serve them with process, Plaintiff received authorization from this Court to serve subpoenas on Internet Service Providers ("ISPs"), subject to a protective order. Pursuant to the protective order, the ISPs informed Defendants of this lawsuit.

---

[1] Each Doe Defendant is identified by an Internet Protocol address ("IP address") so as to remain anonymous. Eight out of the eighty Doe Defendants have filed motions. They are Does 96.254.79.140 [DE 13], 74.236.92.167 [DE 14], 108.9.118.50 [DE 15], 72.91.93.17 and 96.252.156.112 [DE 18], 173.78.3.222 [DE 19], 173.78.113.99 [DE 27], and 67.235.124.186 [DE 33] (collectively "Defendants"). The motions are substantially similar.

[2] An IP address is a number assigned to devices, such as a computer, connected to the internet.

Defendants now seek to sever/dismiss the claims against them for misjoinder and to quash the subpoenas served on the ISPs. Having carefully considered the motions and Plaintiff's responses, the Court finds misjoinder. As such, pursuant to FED. R. CIV. P. 21, Doe Defendants 2-80 are severed from this action and the claims against them dismissed without prejudice.

Additionally, Defendants seek to quash the subpoenas, which were issued from the U.S. District Court for the District of Columbia. Pursuant to FED. R. CIV. P. 45 (c)(3)(A), the Court may not quash a subpoena issued by another court. However, because the Court finds misjoinder, it will vacate the portion of its Order Granting Leave to Conduct Early Discovery [DE 9] that authorizes the issuance of the subpoenas on the ISPs for identifying information for Does 2-80 as these Defendants are no longer parties to this lawsuit and require the Plaintiff to notify the ISPs that it no longer has the authority to subpoena the information sought.

## I. BACKGROUND[3]

This case is a copyright infringement action by Plaintiff Bubble Gum Productions, LLC against Defendants. Plaintiff alleges that Defendants illegally reproduced and shared the Video using BitTorrent file sharing protocol and, as such, they are properly joined. Defendants maintain that the file sharing protocol does not justify joinder.

### A. BitTorrent Protocol

BitTorrent is a modern file sharing method used for distributing data via the Internet. Unlike traditional file transfer protocols which involve a central server and the transfer of whole files between users, the BitTorrent protocol is a decentralized method of distributing data. The BitTorrent

---

[3]Unless otherwise noted, the factual background is derived from Plaintiff's Complaint [DE 1] as the Court must accept all factual allegations as true and construe them in the light most favorable to the Plaintiff. *See American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010).

protocol breaks an individual file into small pieces that individual users then distribute among themselves. This allows for faster file transfers than traditional file-sharing programs that require users to transfer whole files from a central server among themselves.

The BitTorrent protocol operates as follows. The process begins with one user, the "seed" who makes the file available. *Liberty Media Holdings v. Bittorrent Swarm et al.*, 277 F.R.D. 672, 674 (S.D.Fla. 2011). The seed then creates a "torrent" file using the BitTorrent protocol that contains a roadmap to the IP addresses of other users who are sharing the file. *Id.* Other users, or "peers," then download the torrent file, which allows them to download from other peers who possess pieces of the file. *Id.* All of these peers are part of the same "swarm" because they are downloading pieces of the same file. *Liberty Media Holdings v. Swarm Sharing Hash File*, 821 F.Supp.2d 444, 448 (D.Mass. 2011). After downloading a piece of the file, each user automatically becomes a source for this piece. The various members of the swarm continue to exchange pieces with one another. *Id.* A swarm can exist for well over a year depending on the popularity of the file being exchanged. [DE 6-2 at ¶12]. Finally, "once a peer has accumulated enough individual pieces of the file, the software allows the peer to reassemble the aggregate file." *Liberty Media Holdings*, 277 F.R.D. at 674. It is this exchanging of pieces of the file that are subsequently aggregated into the whole file that facilitates faster file sharing than if each user was required to share the entire file with other users.

**B. Plaintiff's Investigation to Discover Alleged Infringers**

Plaintiff alleges that Defendants, without Plaintiff's authorization, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded the torrent file into the BitTorrent Protocol, entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed

3

the Video to numerous other peers in the swarm. In order to determine who allegedly infringed its copyright, Plaintiff retained a company, 6881 Forensics, LLC, that monitors and documents Internet-based piracy. According to an affidavit submitted by a technician at 6881 Forensics, the alleged infringers' IP addresses were discovered by first locating the BitTorrent swarm associated with the Video. [DE 6-2 at ¶18]. Because there is no central server, Plaintiff used three methods to locate the swarm: (1) a BitTorrent tracker, which is a server containing a list of peers in the swarm; (2) Distributed Hash Tables, which use each peer as a "mini-tracker" to find other peers; and (3) Peer Exchange, which allows peers to share data about other peers in the swarm without using a tracker. *Id.* at ¶19.

6881 Forensics, LLC then identified information about the peers in the swarm using proprietary peer-to-peer network forensic software. Specifically, among other information, the software identified the IP addresses assigned to each alleged infringer's computer and the time and date when a piece of the Video was downloaded. *Id.* at ¶20. The software, however, did not provide the alleged infringers' identifying information such as their names, street addresses, telephone numbers or email addresses. *Id.* at ¶21. The software only identified the alleged infringers by their IP addresses. *Id.*

### C. Issuance of Subpoenas

Upon discovering the alleged infringers' IP addresses, Plaintiff sought leave to serve the ISPs with subpoenas, pursuant to FED. R. CIV. P. 45, in order to obtain the identifying information for the subscribers[4] associated with the IP addresses. [DE 6]. Plaintiff sought this information in order to serve the Defendants with the summons and the Complaint. The Court granted Plaintiff's request,

---

[4] A subscriber is the person who has an agreement with the ISP to use Internet service.

4

subject to a protective order, and subpoenas were served on the ISPs. The subpoenas were issued from the U.S. District Court for the District of Columbia. [DE 13-1, DE 14-1]. Pursuant to the protective order, the ISPs notified the Doe Defendants of this lawsuit.

### D. Defendants' Motions

Defendants maintain that they are not properly joined in this lawsuit and, as such, Does 2-80 should be severed and the claims against them dismissed. [DE 13, 14, 15, 18, 19, 27, 33]. Plaintiff contends that the Defendants should not be severed because participating in the same BitTorrent swarm creates the cooperation necessary to establish joinder. [DE 24, 28, 35]. Thus, Plaintiff contends that neither severance of Defendants nor dismissal is warranted under FED. R. CIV. P. 20(a)(2). Additionally, Defendants maintain that the subpoenas issued to the ISPs should be quashed and/or a protective order entered. Plaintiff contends that Defendants lack standing to contest the subpoenas and that the Court may not quash the subpoenas because it did not issue them.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 20(a)(2) describes the requirements for permissive joinder of defendants. It provides persons may be joined as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." This rule is designed "to promote trial convenience and expedite the resolution of lawsuits, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). In determining whether a court will exercise its discretion to sever under Rule 20, the court should examine whether separate trials would prevent

5

delay or prejudice. *Id* at 1325. Pursuant to Federal Rule of Civil Procedure 21, a court may, on motion or on its own, add or drop a party, and the court may also sever any claim against a party.

## III. DISCUSSION

### A. Joinder

Due to the flood of BitTorrent copyright infringement lawsuits filed across the country, many federal courts have addressed the contested issue of whether joining numerous Doe Defendants in a single lawsuit is proper under Rule 20(a)(2). Courts are in conflict over whether downloading and sharing a file using BitTorrent protocol constitutes the same transaction, occurrence, or series of transactions or occurrences. Some courts have found joinder proper.[5] Other courts, however, have found misjoinder and severed all defendants except Doe One.[6]

Plaintiff claims that downloading and sharing pieces of a file, which "contribut[es] to the chain of data distribution," justifies permissive joinder. [DE 1 at ¶¶ 9, 10]. Having carefully examined the Complaint and the relevant legal authorities, the Court disagrees with Plaintiff's contentions. The Doe Defendants' decision to obtain the BitTorrent protocol and download the same video does not in and of itself constitute the same transaction, occurrence, or series of transactions or occurrences. This is because the BitTorrent protocol facilitates the transactions between users, and "[m]uch of the BitTorrent protocol operates invisibly to the user–after downloading a file,

---

[5] *See, e.g., K-Beech, Inc. v. Does 1-57*, 2011 WL 5597303 (Report and Recommendation), *adopted by*, 2011 WL 5597293 (M.D.Fla. 2011); *Nu Image, Inc. v. Does 1-3,932*, 2012 WL 1890854 (Report and Recommendation), *adopted by*, 2012 WL 1890829 (M.D.Fla. 2012); *Digital Sin v. Does 1-176*, 2012 WL 263491 (S.D.N.Y. Jan. 30, 2012); *Third Degree Films, Inc. v. Does 1-108*, 2012 WL 669055 (D.Md. Feb. 28, 2012); *Pacific Intern v. Does 1-31*, 2012 WL 2129003 (N.D.Ill. June 12, 2012).

[6] *See, e.g., Liberty Media Holdings v. BitTorrent Swarm*, 277 F.R.D. 669 (S.D.Fla., 2011); *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 (E.D.N.Y. May 1, 2012)(Order and Report and Recommendation); *DigiProtect USA Corp. v. Does 1-240*, 2011 WL 4444666 (S.D.N.Y. Sept. 26, 2011); *Cinetel Films v. Does 1-1,052*, 2012 WL 1142272 (D.Md. Apr. 4, 2012); *Hard Drive Prods., Inc. v. Does 1-888*, 809 F.Supp.2d 1150 (N.D.Cal. 2011).

subsequent uploading takes place automatically if the user fails to close the program." *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at *11 (E.D.N.Y. May 1, 2012)(Order and Report and Recommendation). As such, the users themselves are not choosing to engage in file sharing with other particular users; rather, the BitTorrent protocol is determining which users to connect to in order to obtain the additional pieces of a file. Thus, users are doing nothing more than initiating the file sharing process by obtaining the BitTorrent protocol and selecting a file for downloading. In fact, users can walk away from their computers and as long as the computer is still on, the filing sharing process continues for an indefinite period of time among an undefined number of users. Therefore, aside from downloading the same Video using BitTorrent protocol, there is nothing that connects all of the Doe Defendants to each other. *See Hard Drive Prods., Inc.*, 809 F.Supp.2d at 1163 ("The bare fact that Doe clicked on a command to participate in the BitTorrent protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world"). This lack of connectivity is evidenced by the range of dates over which the Does in this case downloaded the Video – a period of six weeks, from December 13, 2011 until January 26, 2012. [DE 1-3]. Further, Plaintiff has not pled that any individual Doe copied or uploaded a piece from any other individual Doe. *See Hard Drive Prods., Inc.*, 809 F.Supp.2d at 1163 (finding misjoinder because "[a]ny 'pieces' of the work copied or uploaded by any individual Doe may have gone to any other Doe *or to any of the potentially thousands who participated in a given swarm*") (emphasis in original).

7

Therefore, the Court cannot accept Plaintiff's arguments that Defendants' actions constitute the same transaction, occurrence, or series of transactions or occurrences.[7]

Moreover, the Court may consider principles of fundamental fairness in assessing permissive joinder. *On the Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500, 503 (N.D. Cal. 2011) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir.2000)). These principles are encompassed, in part, by Rule 1 of the Federal Rules of Civil Procedure which requires the "just, speedy, and inexpensive determination of every action and proceeding." Courts have found that allowing joinder of defendants in BitTorrent copyright infringement cases poses a number of efficiency-related problems. *Liberty Media Holdings, LLC*, 277 F.R.D. at 676; *Cinetel Films, Inc.*, 2012 WL 1142272 at *8. First, the variety of individualized defenses that can be raised creates judicial inefficiency when numerous defendants are joined. *See, e.g., In re Bittorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 at *12; *Hard Drive Prods., Inc.*, 809 F.Supp.2d at 1164. For example, in cases pending in the U.S. District Court for the Eastern District of New York, defendants raised a myriad of fact-intensive defenses to establish that they were not the infringers of plaintiff's copyrighted video. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 at *3. The assertion of defenses unique to each of 80 Does would create an unmanageable case with respect to motion practice and trial. *See Hard Drive Prods. Inc.*, 809 F.Supp.2d at 1164 (finding misjoinder in the interest of promoting judicial economy and trial convenience).

While the Court recognizes that the Doe Defendants have not yet asserted different defenses, the possibility of this occurring rises above the level of mere speculation. For example, due to the

---

[7] Plaintiff asserts that joinder is proper because Defendants share the same questions of law. [DE 1 at ¶12]. While this may be true, Plaintiff fails to satisfy the first requirement of Fed. R. Civ. P. 20(a) by showing that Defendants' actions arose out of "the same transaction, occurrence, or series of transactions or occurrences."

imprecise manner in which the Plaintiff identifies alleged infringers, namely by IP addresses, defendants can assert an unquantifiable number of different factual scenarios to establish that they did not download the copyrighted work (the "it wasn't me defense"). *See In re Bittorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 at *5. Because it is common today for people to use routers to share one internet connection between multiple computers, the subscriber associated with the IP address may not necessarily be the alleged infringer and instead "could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper." *Id.* Therefore, "the assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time." *Id.* at *3. Further, in the Complaint, Plaintiff concedes that IP addresses can change frequently due to their dynamic nature. [DE 1 at ¶11]. As a result, the risk of "false positives" is high and can result in defendants maintaining a variety of "it wasn't me defenses." *See In re Bittorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 at *4. Thus, joinder would lead to cumbersome motion practice and, ultimately, mini-trials involving different testimony and evidence. *Hard Drive Prods. Inc.*, 809 F.Supp.2d at 1164.

Lastly, the sheer number of Defendants in this case would cause an overly burdensome discovery process if Defendants remain joined. Specifically, if many of the Doe Defendants proceed *pro se*, hard copy documents must be served on numerous defendants. Furthermore, each Defendant has the right to be present at every other Defendant's deposition.

The Plaintiff understandably has a keen interest in proceeding against numerous Defendants in one lawsuit to reduce the costs of protecting its copyright by avoiding multiple filing fees. However, this interest is outweighed by the fact that the requirements for establishing permissive

9

joinder are not met in BitTorrent copyright infringement cases. Infringers of a copyrighted file should be held liable, but they cannot be joined with hundreds or even thousands of BitTorrent protocol users solely because they downloaded pieces of the same file. Such facts do not satisfy the "same transaction, occurrence, or series of transactions or occurrences" requirement for permissive joinder. Moreover, severing Defendants promotes efficiency as set forth above. For these reasons, the Court finds misjoinder.

### B. Subpoenas

Defendants also seek to quash the subpoenas[8] on the ISPs which were issued from the U.S. District Court for the District of Columbia. Pursuant to FED. R. CIV. P. 45 (c)(3)(A), the Court may not quash a subpoena issued by another court.[9] However, the Court will vacate the portion of its Order Granting Leave to Conduct Early Discovery [DE 9] that authorizes the issuance of the subpoenas on the ISPs for identifying information for Does 2-80 as these Defendants are no longer parties to this lawsuit. Plaintiff will be directed to notify each ISP to whom it has issued a subpoena that Plaintiff is no longer authorized to seek early discovery with respect to Does 2-80 who are no longer parties to this litigation.[10]

---

[8] Plaintiff has not identified which IP address corresponds to Doe Defendant One. Exhibit A to the Complaint [DE 1-3] contains an unnumbered list of IP addresses corresponding to the eighty Doe Defendants in no particular order. Therefore, the Court cannot determine whether Doe One, the only Doe who will remain in this lawsuit, has moved to quash the subpoena.

[9] Pursuant to FED. R. CIV. P. 45 (c)(1), parties have an obligation to "avoid imposing undue burden or expense on a person subject to the subpoena." Additionally, FED. R. CIV. P. 1 requires that the parties proceed in a cost-efficient manner. It is unclear why the subpoenas were issued in another judicial district for information about Doe Defendants who allegedly reside in this district.

[10] If Plaintiff does not comply with this requirement, it will be subject to sanctions. *See Mick Haig Prods. E.K. v. Stone*, 2012 WL 2849378 (5th Cir. July 12, 2012).

## IV. CONCLUSION

Accordingly, it is

ORDERED THAT

(1) Doe Defendants' Motions to Sever and Dismiss are GRANTED. [DE 13, 14, 15, 18, 19, 27, 33].

(2) Does 2-80 are severed from this action and the claims against them are DISMISSED WITHOUT PREJUDICE.

(3) The Order Granting Leave to Conduct Early Discovery [DE 9] is VACATED IN PART. Plaintiff is no longer permitted to conduct early discovery to obtain the subscribers' identifying information for the IP addresses associated with Does 2-80.

(4) No later than **July 30, 2012**, Plaintiff must file a notice identifying which IP address belongs to Doe Defendant One.

(5) Plaintiff must provide a copy of this order to the ISPs to whom the subpoenas were issued no later than **July 31, 2012** and file a notice of compliance in this Court by **August 6, 2012**.

DONE AND ORDERED in Miami, Florida, this 19th day of July, 2012.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Honorable Andrea M. Simonton
All counsel of record

11