UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BUBBLE GUM PRODUCTIONS, LLC, ) | |
| ) | Case: 12-mc-00382-ESH |
| Petitioner, ) | |
| ) | Judge: Honorable Ellen Segal Huvelle |
| v. ) | |
| ) | |
| COMCAST CABLE ) | [Case pending in the U.S. District Court |
| COMMUNICATIONS, LLC, ) | for the Southern District of Florida, |
| ) | No. 1:12-cv-20367] |
| Respondent. ) | |
| ) | |

**RESPONSE IN OPPOSITION TO ORDER**

**INTRODUCTION**

The Court's July 27, 2012 Order on Comcast's July 26, 2012 motions was premised on manifest errors of law and fact. (ECF No. 6.) These errors occurred because Comcast flouted several rules of motion practice under the Federal Rules of Civil Procedure and the Local Rules of this District. (ECF No. 5.) Compounding this mischief was the speed with which the Court issued its order—one day from the time that Comcast filed its motions. (ECF No. 6.) This very narrow window prevented the Court from receiving the benefit of opposition briefing on Comcast's motions. Further, this very narrow window precluded Petitioner from presenting an accurate review of the underlying record and rebutting material misrepresentations in Comcast's motions.

With all respect to this Court, the granting of Comcast's motions has caused prejudice to, and has inflicted irreparable harm on, Petitioner. For example, Comcast may well have engaged in hasty deletion of the subpoenaed information following the Court's order. For the reasons described herein, Petitioner moves the Court to vacate its show cause order, reverse its denial

with prejudice of Petitioner's motion to compel, compel Comcast to comply with Petitioner's subpoena and strike Comcast's improperly-filed motions.

**I. THE SUBPOENA IS VALID AND COMCAST HAS NO GOOD FAITH EXCUSE FOR FAILING TO COMPLY WITH IT**

The Court's order was premised on Comcast's argument that Petitioner's subpoena to Comcast is invalid. (ECF No. 6.) This argument is plainly false. The severance order in the U.S. District Court for the Southern District of Florida did not dismiss the underlying action. *Bubble Gum Productions, LLC v. Does 1-80*, No. 12-20367 (S.D. Fla. July 19, 2012), ECF No. 40 at 11. Nor could it have. Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action."). Nor did the severance order quash or modify Petitioner's subpoena to Comcast. *Bubble Gum*, No. 12-20367 (S.D. Fla. July 19, 2012), ECF No. 40 at 11. Nor could it have. *In re Sealed Case*, 141 F.3d 337 (D.C. Cir. 1998). Instead, the Court in *Bubble Gum* simply severed and dismissed Does 2 through 80 from the underlying action and required Petitioner to relinquish its demand for the identifying information of these Does by July 31, 2012. No. 12-20367 (S.D. Fla. July 19, 2012), ECF No. 40 at 11. These activities are currently ongoing.

Importantly, the subpoena seeking Doe 1's identifying information remains valid and enforceable. Doe 1 is a Comcast subscriber. *See Bubble Gum*, No. 12-20367 (S.D. Fla. 2012), ECF Nos. 1-3, 43.) At this juncture it is impossible to know how many IP addresses on the subpoena to Comcast are associated with this individual. This is because the IP addresses on the subpoena are dynamic. In other words, a single individual can be associated with multiple IP addresses. *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 332, 344 (D.D.C. 2011) ("some IP addresses may relate to the same person, who is engaged in the allegedly infringing activities claimed by plaintiffs. Severance of the putative defendants associated with different IP addresses may subject the same Time Warner customer to multiple suits for different instances of

allegedly infringing activity and, thus, would not be in the interests of the putative defendants."). To illustrate this issue, Petitioner's counsel represented a copyright holder in an action against Doe defendants associated with 28 separate IP addresses. *First Time Videos, LLC, v. Does 1-28*, No. 11-2982 (N.D. Ill. Sept. 26, 2011), ECF No. 15. After the initial discovery phase was completed, Petitioner's counsel learned that *all* of the IP addresses involved in the action were associated with a *single* Doe defendant. Neither Petitioner's counsel nor this Court has any way of knowing, *a priori*, what portion of its subpoena to Comcast is associated with Doe 1. It may be a single IP address. It may be every IP address. Every instance of Doe 1's infringing activity is plainly relevant to the underlying action as it goes directly to the issues of liability and damages.

Petitioner issued a valid subpoena to Comcast that contains Doe 1's identifying information. The subpoena remains valid and enforceable, but Comcast has objected to producing this information. Far from constituting fraud on the Court, Petitioner's motion to compel is its only avenue to identify Doe 1 so that it may name and serve him with process and proceed in the underlying action. Comcast offers no valid basis on which to excuse its compliance with Petitioner's motion to compel. The Court should vacate its show cause order, reverse its denial with prejudice of Petitioner's motion to compel, and compel Comcast's compliance with Petitioner's subpoena.

## II. COMCAST VIOLATED BASIC RULES OF MOTION PRACTICE IN AN EFFORT TO DECEIVE THE COURT

By bringing its motions in the manner it did, Comcast openly flouted several rules of motion practice under the Federal Rules of Civil Procedure and the Local Rules of this District. The rules it chose to violate suggest that Comcast's goal was to deceive this Court. The first rule that Comcast violated was Local Rule ("L.R.") 7(m), which requires opposing counsel to meet

and confer prior to "filing any nondispositive motion in a civil action." L.R.7(m).  Obviously, Comcast did not take this step. Comcast's motions were devoid of any "statement that the required discussion occurred, [or] a statement as to whether the motion is opposed." *Id.* Had Comcast complied with this Local Rule, Comcast and Petitioner could have "narrow[ed] the areas of disagreement." *Id.* On July 26, 2012, after Comcast filed its motion, Petitioner's counsel telephoned John Seiver and inquired, *inter alia*, on what basis he ignored this District's meet and confer requirements. Mr. Seiver's hubristic response was that this Local Rule did not apply to his client.

The second rule that Comcast violated was Federal Rule of Civil Procedure 11. A motion for sanctions brought by a party requires compliance with Rule 11's safe-harbor requirements. Fed. R. Civ. P. 11(c)(2) (requiring that a motion for sanctions must first be presented to opposing counsel and allow for 21 days to correct the error before filing it with the court). Comcast did not follow any of these requirements, but instead styled its motion as a motion for an order to show cause, ostensibly hoping that this tactic would eliminate its obligation to comply with Rule 11. (ECF No. 5.) Yet, to allow a party to avoid Rule 11's safe-harbor requirements simply by renaming its motion would severely undermine the purpose of the 1993 safe-harbor additions to Rule 11 of the Federal Rules of Civil Procedure, which is to "reduce the number of motions for sanctions presented to the court." *See* Fed. R. Civ. P. 11 advisory committee's note to the 1993 amendment.

The two rules that Comcast violated—Local Rule 7(m) and Federal Rule of Civil Procedure 11—both serve to reduce deceptive tactics by forcing a movant to show its cards before filing a motion. Comcast's motion deliberately misstated the nature of the dispute between itself and Petitioner. Had Comcast followed the applicable rules of motion practice,

Petitioner would have been on notice that Comcast intended to employ deceptive tactics and could have taken affirmative action to inform this Court of Comcast's attempt to mislead it. Instead, Comcast violated the rules, misled the Court and realized a benefit from this misbehavior when, the day after filing, the Court granted its baseless motion which baselessly accused Petitioner of fraud on the Court. The Court should enforce its Local Rules and the Federal Rules by striking Comcast's motions based on the defects discussed herein. The Court should also vacate its show cause order, reverse its denial with prejudice of Petitioner's motion to compel, and compel Comcast's compliance with Petitioner's subpoena.

## CONCLUSION

Petitioner cannot proceed in its copyright infringement action against Comcast's subscriber until it learns his or her identity. Comcast irresponsibly refuses to produce this information. The Court should reverse its denial with prejudice of Petitioner's motion to compel and order Comcast to produce this information because Comcast has not come close to meeting its heavy burden under Rule 45 for avoiding compliance with Petitioner's subpoena. The Court should also vacate its show cause order.

Respectfully submitted,

BUBBLE GUM PRODUCTIONS, LLC

**DATED**: July 30, 2012

By: /s/ Paul A. Duffy
Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile:   (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Counsel for the Petitioner*

## **LOCAL CIV. R. 7(m) CERTIFICATION**

Counsel for Petitioner conferred with opposing counsel via telephone in a good faith effort to determine whether opposing counsel would oppose the relief sought herein. During the telephone conference, the parties were unable to reach a resolution on the objections or narrow the areas of disagreement with respect to those objections. Opposing counsel indicated that they would oppose Petitioner's motion.

**DATED**: July 30, 2012

By: /s/ Paul A. Duffy<br>
Paul A. Duffy, Esq.

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on July 30, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

      /s/ Paul A. Duffy
      PAUL A. DUFFY