**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BUBBLE GUM PRODUCTIONS, LLC, <br><br>  *Plaintiff*, <br>v. <br><br>COMCAST CABLE COMMUNICATIONS, LLC, <br><br>  *Defendant*. | No. 1:12-mc-00382 (ESH) <br><br><br><br>[Underlying civil action pending in the U.S. District Court for the Southern District of Florida, No. 1:12-cv-20367] |

**COMCAST CABLE COMMUNICATIONS, LLC'S REPLY
TO PLAINTIFF'S RESPONSE IN OPPOSITION TO ORDER**

Comcast Cable Communications, LLC ("Comcast") hereby submits this Reply to Plaintiff Bubble Gum Productions, LLC's ("Bubble Gum's") Response (Dkt. 7) in Opposition to this Court's July 27, 2012 Order. (Dkt. 6). Although the Court ordered Plaintiff to "show cause why sanctions should not issue against it for attempting to perpetrate a fraud on the Court," (Dkt. 6 at 2), Plaintiff never explains why it filed and then refiled its motion to compel in this Court for information on all Doe Defendants who were Comcast subscribers when the Order from the Florida Court authorizing Plaintiff to issue subpoenas for Doe Defendants 2-80 was already vacated and the claims against them dismissed. *See Bubble Gum Productions, LLC v. Does 1-80*, No. 1:12-cv-20367-PAS, [Dkt. 40] (S.D. Fla. July 19, 2012). Moreover, until Bubble Gum's filing yesterday, the IP address associated with the remaining Doe Defendant One was unknown. It is evident that Plaintiff simply has no explanation for its litigation tactics other than to feign outrage and attack Comcast with unprofessional and salacious accusations in its pleading. Comcast respectfully requests that this Court find Bubble Gum's response inadequate and, in further support, states as follows:

1.  Bubble Gum claims that this Court's Order of July 27 is premised on manifest errors of law and fact, but the only apparent error is that Bubble Gum's motion to compel was unauthorized. Bubble Gum asserts that its subpoena is still valid as to Doe Defendant One, (Dkt. 7, Resp. at 2), but the Florida Court could not determine which IP address was associated with Doe Defendant One, *Bubble Gum Productions, LLC v. Does 1-80*, No. 1:12-cv-20367-PAS, [Dkt. 40] at 10 n.8 (S.D. Fla. July 19, 2012), and ordered Bubble Gum to "[n]o later than July 30, 2012, … file a notice identifying which IP address belongs to Doe Defendant One." *Id*. at 11.

2.  Although the first listed IP address in Exhibit A to the Florida complaint is a Verizon IP address (see S.D. Fla. Dkt. 1-3 at 2 and Dkt. 5 at 4, n.1), Bubble Gum yesterday designated the tenth address in that list, 174.48.166.34, as Doe Defendant One. (S.D. Fla. Dkt. 43) (attached hereto as Exhibit A). Not surprisingly, that is a Comcast IP address located in Land O Lakes, Florida.[1] The question why the subpoena was issued here in the District of Columbia is also still an open issue. The Florida Court noted that "it is unclear why the subpoenas were issued in another judicial district for information about Doe Defendants who allegedly reside in [Florida]." *Bubble Gum Productions, LLC v. Does 1-80*, No. 1:12-cv-20367-PAS, [Dkt. 40] at *10, n.9 (S.D. Fla. July 19, 2012).[2]

---

[1] This was determined using http://ip-address-lookup-v4.com/.

[2] In *Millennium TGA, Inc. v. Comcast*, 2012 WL 2371426 (D.D.C. June 25, 2012) ("*Millennium TGA*"), this Court ruled that "[t]here is no rhyme or reason as to why the rights of all [of the ISP's] subscribers should be heard and adjudicated in the District of Columbia," and that "this approach hardly demonstrates compliance with the Plaintiff's affirmative duty pursuant to Rule 45 to take 'reasonable steps' to avoid undue burden and territorial inconvenience to the … subscribers residing outside of the District of Columbia." *Id*. at *5. Noting that "this Court would be justified in denying the Motion to Compel in its entirety based on the undue burden and territorial inconvenience to the Comcast subscribers," Judge Wilkins nevertheless decided to "exercise its discretion to enforce the subpoena in a modified form." *Id.* at *6. Accordingly, Judge Wilkins denied the request for identifying information for Comcast's subscribers as unduly burdensome, *see id.*, and instead ordered Comcast to "provide the city and state of residence for the subscriber associated with each of the 351 IP addresses requested in [the]

3. Bubble Gum should have immediately withdrawn its motion and amended it to include only Doe Defendant One once it advised the Florida Court of that designation. Bubble Gum has not explained why it did not immediately do so given the Florida Court's July 19 Order, or explain why the tenth IP address on its list is now the first Doe Defendant -- except to keep its motion here on life support. At the appropriate time, with a valid order from the Florida court permitting discovery, Bubble Gum may be entitled to disclosure of information regarding the Comcast subscriber it has now identified as Doe Defendant One after notice to the subscriber. But it surely was not so entitled on July 19 or July 23 when it filed its motion and amended motion in this Court.

4. In response to this Court's Order to show cause why it should not be sanctioned, Bubble Gum has attacked Comcast. First, while Bubble Gum's counsel was quite upset when he received Comcast's pleading with a copy of the Florida Court's Order attached, Comcast's counsel never stated that the local meet-and-confer rule did not apply to his "client." Rather, Comcast's counsel explained that the meet-and-confer rule did not apply to a dispositive request that the case be dismissed. *See* Local Rule 7(m). Moreover, Comcast's counsel offered to withdraw its filing if Bubble Gum agreed to dismiss these proceedings until it obtained a valid order from the Florida court. Bubble Gum refused.

5. Second, Bubble Gum tries to turn the tables by arguing for Rule 11 sanctions against Comcast, although Petitioner provides no basis for sanctions other than that Comcast reported that Bubble Gum was caught red-handed. To the extent the Court will consider any of the expansive relief suggested by Bubble Gum, Comcast respectfully requests the opportunity to

---

subpoena." *Id.* at *7. That would allow the plaintiff there to bring suits (and issue subpoenas) in the proper district where venue would be proper. *Id.* Here, the city and state are already known to be in Florida where the underlying action is pending.

file an opposition. However, as the issue now is the Court's July 27 Order, and Bubble Gum's direction to show cause, this pleading is directed solely to the issues related to Bubble Gum's initial and amended motion to compel (Dkts. 1 and 4), dismissal of this action, and Bubble Gum's entirely absent explanation for filing motions while failing to note the Florida Order it relied upon had been vacated.

6.  Third, Bubble Gum alleges that this Court should vacate its July 27 Order because "Comcast may well have engaged in hasty deletion of the subpoenaed information following the Court's order." (Dkt. 7 at 1). Bubble Gum's counsel well knows Comcast's policy is to preserve subpoenaed information for 180 days after the date of use of the IP address and that it can and does preserve subpoenaed and litigated information indefinitely, even if not disclosed. There simply is no instance of any "hasty deletion." If Bubble Gum acted properly and expeditiously to amend its motion and identify Doe Defendant One in the first instance there would not have been any significant delay either; the confusion over who is the proper Doe Defendant One is entirely of its own making.

7.  We may not have the final word from the Florida court either. A subscriber in those proceedings (not Doe Defendant One as recently identified, but within the severed and dismissed group of Doe Defendants 2-80) received a demand letter dated July 23, 2012 from Bubble Gum counsel four days after the Florida court's initial discovery order was vacated. (S.D. Fla. Dkt. 41). That IP address (67.77.173.88) is listed as that of Brighthouse Networks, another ISP, and using the same online lookup tool, located in Kissimmee, Florida.

WHEREFORE, Comcast respectfully requests that the Court affirm its July 27, 2012 Order, find Bubble Gum's proffered Response inadequate, and enter a new Order as appropriate.

Dated:  August 1, 2012

Respectfully submitted,

/s/ *John D. Seiver*
John D. Seiver
Leslie G. Moylan
Lisa B. Zycherman
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
(202) 973-4200

*Counsel for Non-Party Comcast Cable Communications Management, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of August 2012, true and correct copies of the foregoing document was served via ECF and U.S. Mail upon all counsel of record:

Paul A. Duffy
PRENDA LAW INC.
161 N. Clark Street
Suite 3200
Chicago, IL 60601
(312) 880-9160
Fax: (312) 893-5677
Email: paduffy@wefightpiracy.com

/s/ *John D. Seiver*
John D. Seiver