**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BUBBLE GUM PRODUCTIONS, LLC, | ) | |
| | ) | Case: 12-mc-00382-ESH |
| Petitioner, | ) | |
| | ) | Judge: Honorable Ellen Segal Huvelle |
| v. | ) | |
| | ) | |
| COMCAST CABLE | ) | [Case pending in the U.S. District Court |
| COMMUNICATIONS, LLC, | ) | for the Southern District of Florida, |
| | ) | No. 1:12-cv-20367] |
| Respondent. | ) | |
| _____ | ) | |

**PETITIONER'S REPLY IN SUPPORT OF MOTION  REGARDING COURT'S ORDER**

Petitioner filed its Motion in Response to the Court's July 27, 2012 Order (ECF NO. 6), as directed by the Court, on July 30, 2012.  (ECF No. 7.)   While Comcast Cable Communications LLC ("Comcast") styled its response to Petitioner's Motion (Response or "Resp.") as a "reply" (ECF No. 8), in reality it is a response to Petitioner's July 30 Motion.  This is Petitioner's reply in support of its Motion.

**INTRODUCTION**

Comcast's flagrant and ongoing violations of Local Rule 7(m) and Federal Rule of Civil Procedure ("Rule") 11 have resulted in its presentation of a false and misleading account of the relevant proceedings to this Court.  Had it followed the rules, Comcast could have avoided the needless confusion that it apparently deliberately caused with respect to the facts and circumstances of this case.  The version of events that Comcast has portrayed is demonstrably false, and justify immediate correction.

Comcast's intent to mislead this Court was clear from the outset, where Comcast stated in opposition to the motion to compel that the U.S. District Court for the Southern District of Florida (the "Florida Court") Court "***dismissed*** Plaintiff's claims and ***vacated*** its order granting

1

early discovery in the underlying copyright infringement action on July 19, 2012" (ECF ECFF 5 at 1, emphasis in original).  That statement was demonstrably false; Petitioner's claim against Doe 1, a Comcast subscriber, is still pending, and the Florida Court made clear that its order authorizing discovery with respect to Doe 1's Internet Service Provider ("ISP," which is Comcast) stands.  (Florida Court Docket ("FL ECF") 40 at 11.)  Comcast's attempt to mislead is also clear in its Response, where it argues that if "Bubble Gum acted properly and expeditiously to amend its motion and identify Doe Defendant One in the first instance there would not have been any significant delay either; the confusion over who is the proper Doe Defendant One is entirely of its own making."   Resp. at 4.   Comcast's claim that Petitioner did not act "expeditiously" enough is false; in reality, Petitioner *timely and fully* complied with the Florida Court's order to identify Doe 1 by July 30, and to inform providers for the other Doe defendants that it had withdrawn subpoenas relating to Does 2 through 80 by July 31.

   The actual facts of this case, and the underlying proceeding in the Florida Court, belie each argument that Comcast has made.   In addition to the misleading statements already referenced, Comcast's brazen misstatements in its Response include the following:  (1) that the subpoena that Petitioner seeks to compel compliance with is invalid; in reality, it remains in force and effect to the extent consistent with the Florida Court's Order; (2) that Petitioner is seeking the identity of Does 2 through 80 in this action; in reality, as Comcast is well aware, the Florida Court ordered Petitioner to withdraw its requests with respect to those individuals, which Petitioner timely did; (3) that there is any significance as to the position of  Doe Defendant 1 on list of IP addresses attached to Petitioner's complaint; the list of IP addresses is obviously in numeric order, with no designation as to the number of the corresponding Doe who subscribed to it; (4) that Petitioner impermissibly designated Doe 1 as a Comcast subscriber; as Comcast is

aware, more than one-fourth of the IP addresses listed in Petitioner's Florida complaint are Comcast subscribers, and it was aware that there was a reasonable chance that Doe 1 is a Comcast subscriber; (5) that there is not a valid Florida Court order authorizing Petitioner to serve Comcast with discovery; the Florida Court vacated *in part* its prior order allowing discovery, but the order clearly remains in effect with respect to the ISP for Doe 1; and (6) that Comcast can avoid compliance from L.R. 7(m) and Rule 11 requirements, which it has flagrantly violated without justification.

## ARGUMENT

Comcast leads its "reply" with feigned confusion as to why Petitioner "filed and then refilled" its Petition, which Comcast asserts is unexplained.   In reality, Petitioner refilled the Petition because the Court directed it to in its July 23, 2012 Order (ECF No. 3).   That Order referenced scrivener's errors in the Petition with respect to the name of the Petitioner.   (*See* ECF No. 3.)   The Court in its Order held that "*A corrected motio*n that properly and consistently identifies petitioner *must be filed* before this Court will consider it."   (*See id.;* emphasis added)   Comcast's attempt to use its feigned confusion to suggest an improper purpose for Petitioner to file an amendment is belied by the content of the Court's July 23 Order.

Comcast's remaining arguments are also premised upon misstatements or misrepresentations of material facts, as set forth in detail below.

## I.        THE SUBPOENA THAT PETITIONER SEEKS TO ENFORCE IS VALID.

Comcast's complaint that Petitioner was under an obligation to voluntarily dismiss this action are baseless.   The Florida Court allowed it until July 30 to determine which IP address belonged to Doe 1.   If that subscriber turned out to be a Comcast subscriber, the subpoena that Petitioner sought to enforce would remain in force and effect with respect to Doe 1.   The Florida

Court required Petitioner to inform Comcast and other ISPs by July 31 that it was no longer seeking the identifying information of Does 2 through 80.  The subpoena that Petitioner seeks to compel Comcast to comply with is still valid with respect to Doe 1, who is a Comcast subscriber (FL ECF43), and the subpoena is still in effect.  Furthermore, as set forth in Petitioner's Motion, it is possible that other Comcast IP addresses listed in Petitioner's complaint belong to Doe 1, and the subpoena is still valid to the extent it seeks that information from Comcast.  Because the subpoena Petitioner seeks to enforce is still valid, as modified in accordance with the Florida Court's Order, and Comcast has unjustifiably refused to comply with it, Petitioner did not have an obligation to dismiss this action.

### 1.   The Subpoena Is Still Valid As It Pertains To Doe 1, A Comcast Subscriber.

The Florida Court in its July 19, 2012 Order (FL ECF40) severed and dismissed Does 2 through 80.  A critical aspect of that Order, which Comcast glosses over, is that the Court directed Petitioner to "provide a copy of this order to the ISPs to whom the subpoenas were issued *no later than July 31, 2012* and file a notice of compliance in this Court by August 6, 2012."  (FL ECF40 at 11.)   The Florida Court did not require Petitioner to identify the IP address of Doe 1 until July 30.  Comcast was well aware that Petitioner had until July 30 to identify Doe 1, and that Doe 1 could be a Comcast subscriber, but chose to ignore it and represent to this Court that the case was dismissed.

Accordingly, Comcast knew full well at the time it filed its Motion on July 26 that (i) Petitioner would withdraw subpoenas pertaining to Does 2 through 80, and give notice of withdrawal to the ISP provider for each individual, no later than July 31; and (ii) that it was possible for Doe Defendant 1 to be a Comcast subscriber and, thus, that the subpoena issued to it was still valid.  In other words, at the same time it was complaining to this Court that Petitioner

had not withdrawn the subpoena as to Does 2 through 80, Comcast knew full well that that the Florida Court had allowed Petitioner until July 31 to do so.  Had Comcast complied with its meet and confer requirements, it could have learned that Petitioner intended to withdraw subpoenas pertaining to Doe 2 through 80 by July 31, and that Doe 1 was  a Comcast subscriber; and thus Comcast could have avoided misrepresenting to the Court that Petitioner had not complied with its Court-ordered obligations.  The Court should reject Comcast's attempt to obtain advantage through its flagrant violation of the Local Rule 7(m).

> **2.  The Florida Court's Order Still Allows Petitioner To Learn If Any Of Does 2 through 80 Is The Same Person As Doe 1.**

Furthermore, the subpoena relating to Comcast is still valid with respect to former Doe defendants 2 through 80 to the extent any of them is the same subscriber as Doe 1, against whom Petitioner's claims are still pending.  As set forth in Petitioner's Motion, at this point it is impossible to know how many IP addresses on the subpoena to Comcast are associated with this Doe 1. This is because the IP addresses on the subpoena are dynamic and a single individual can be associated with multiple IP addresses.  *Call of the Wild Movie, LLC v. Does 1-1,062*,  770 F.Supp. 332, 344 (D.D.C. 2011) ("some IP addresses may relate to the same person, who is engaged in the allegedly infringing activities claimed by plaintiffs. Severance of the putative defendants associated with different IP addresses may subject the same Time Warner customer to multiple suits for different instances of allegedly infringing activity and, thus, would not be in the interests of the putative defendants.").  As set forth in Petitioner's Motion, its counsel represented a copyright holder in an action against Doe defendants associated with 28 separate IP addresses. *First Time Videos, LLC, v. Does 1-28*, No. 11-2982 (N.D. Ill. Sept. 26, 2011), ECF No. 15. After the initial discovery phase was completed, Petitioner's counsel learned that *all* of the IP addresses involved in the action were associated with a *single* Doe defendant. Neither

Petitioner's counsel nor this Court has any way of knowing, *a priori*, what portion of its subpoena to Comcast is associated with Doe 1. It may be a single IP address. It may be every IP address. Every instance of Doe 1's infringing activity is plainly relevant to the underlying action as it goes directly to the issues of liability and damages.

Petitioner issued a valid subpoena to Comcast that contains Doe 1's identifying information. The subpoena remains valid and enforceable, but Comcast has objected to producing this information. Far from constituting fraud on the Court, Petitioner's motion to compel is its only avenue to identify Doe 1 so that it may name and serve him with process and proceed in the underlying action. Comcast offers no valid basis on which to excuse its compliance with Petitioner's motion to compel. The Court should vacate its show cause order, reverse its denial with prejudice of Petitioner's motion to compel, and compel Comcast's compliance with Petitioner's subpoena.

### 3. The Relative Position Of Doe 1's IP Address In An Exhibit To Petitioner's Complaint Is Irrelevant.

Comcast's attempt to suggest that Petitioner impermissibly identified a Comcast subscriber as Doe 1 because it was listed tenth rather than first on the attachment to Petitioner's complaint is highly misleading.  As the Florida Court acknowledged, Petitioner did not list which IP address correlated with which Doe defendant.   Even a cursory review of the list of IP addresses attached to Petitioner's complaint shows that they appear in numeric order based on the first digits of the IP address.  (FL ECF1 at 1-3.)  Twenty-one of the 80 addresses attached to the Complaint are Comcast subscribers; thus Comcast was well aware when it filed its Motion that there was a better than one-in-four chance that Doe 1 was a Comcast subscriber.  That is why the Florida court directed Petitioner to identify Doe 1 from among those in the Complaint

on or before July 30, 2012.  (FL ECF40 at 11.)  Petitioner's designation of Doe 1, a Comcast

subscriber, complied fully with the Florida Court's Order.  (FL ECF43.)

## II.    THE FLORIDA COURT' S ORDER REMAINS IN PLACE AND ALLOWS PETITIONER TO SEEK DISCOVERY FROM COMCAST.

Comcast's argument that the Florida Court's Order allowing discovery was "vacated" is

false, and omits key language from the order stating that it was vacated "IN PART" and only for

"IP addresses associated with Does 2-80."  (FL ECF 40 at 11 (emphasis in original).)  The

Florida Court on April 6, 2012 granted Petitioner leave to subpoena each Internet Service

Provider listed on Attachment A to its complaint.  FL ECF 9.  In its July 19, 2012, the Florida

Court let stand the part of its April 6, 2012 Order authorizing service of a subpoena on the ISP

for Doe 1.  That ISP is Comcast.  The Florida Court only vacated its April 6 Order to the extent it

pertained to ISPs for Does 2 through 80.  It left in force the April 6 order with respect to Doe 1.

Comcast's statement that Petitioner is not acting pursuant to a validly-issued Court order is

therefore demonstrably false.

## III.    COMCAST IMPERMISSIBLY VIOLATED LOCAL RULE 7(M) AND 11.

Comcast's attempt to excuse itself from the obligation to comply with L.R. 7(m) and

Rule 11 also fails.

Comcast seeks to gloss over its flagrant violation of Local Rule 7(m) by stating that it

does "not apply to a dispositive request that the case be dismissed."  Resp. at 3.  Comcast's

motion asking the Court to impose discovery sanctions upon Petitioner is not a "dispositive

request" to dismiss the case.  It is a request to have the Court sanction Petitioner.  The issue here

is Comcast's request for "an order requiring Plaintiff to show cause why it should not be

sanctioned," not its opposition to Petitioner's motion to compel.  ECF 5.  Comcast offers no legal

support for its claim that its request for the imposition of sanctions is a dispositive motion.

A request for discovery sanctions is not a "dispositive" request under Local Rule 7(m), and it does not relieve Comcast of its meet-and-confer obligations under that rule. "The term 'dispositive motion' includes a motion that, if granted, would result in the determination of a particular claim on the merits or elimination of such a claim from the case." *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1215 (D.C. Cir. 1997). And a "motion for sanctions is a nondispositive motion and is therefore subject to Local Rule 7(m)." *United States ex rel. Tenn. Valley Marble Holding Co. v. Grunley Constr.,* 433 F.Supp.2d 104, 112 (D.D.C.2006). Comcast's request for discovery sanctions is nondispositive because it is not related to the merits of the litigation, and if granted would not result in a determination of any claim in this case.

Comcast has not addressed Petitioner's argument that it failed to comply with Rule 11's requirements before asking the Court to impose sanctions. Comcast instead argues that Rule 11 sanctions should not be imposed against it, which of course was not the focus of Petitioner's argument on this point. Before it could request sanctions against Petitioner, Comcast was required to comply with Rule 11's safe-harbor requirements. Fed. R. Civ. P. 11(c)(2) (requiring that a motion for sanctions must first be presented to opposing counsel and allow for 21 days to correct the error before filing it with the court). Comcast did not follow any of those requirements, but instead styled its motion as a motion for an order to show cause, ostensibly hoping that this tactic would eliminate its obligation to comply with Rule 11. (ECF No. 5.) But Comcast is a party asking for the imposition of sanctions, and the rule that it relies upon for seeking sanctions is Rule 11. The purpose of the 1993 safe-harbor additions to Rule 11 of the Federal Rules of Civil Procedure is to "reduce the number of motions for sanctions presented to the court." *See* Fed. R. Civ. P. 11 advisory committee's note to the 1993 amendment. Parties

seeking the imposition of sanctions, including Comcast, are required to comply with those requirements, and it failed without any attempted justification to do so.

Comcast could have addressed everything it now complains about, without misleading this Court, had it complied with its obligations under Local Rule 7(m) and Rule 11.  It failed to do so and offers no valid justifications for those failures.

## IV.   COMCAST'S REFERENCE TO ANOTHER SUBSCRIBER IS HIGHLY MISLEADING.

Comcast's final argument, alleging that counsel for Petitioner has contacted an IP owner in Florida (Resp. at 4) seeking settlement, is irrelevant but underscores the highly misleading nature of Comcast's filings in this Court.

Comcast refers to a "demand letter" that a "subscriber" allegedly received from Petitioner's counsel.  Comcast has failed to submit the letter and there is no foundation for the Court to accept Comcast's representations regarding the existence of such a letter or its contents. But Comcast nevertheless uses those claims to call Petitioner to task for purportedly seeking to settle with a former Doe defendant after the Florida Court's July 19 Order.  This argument is yet another attempt by Comcast to falsely portray the relevant facts.   While the Florida Court dismissed Does 2 through 80 *without* prejudice, there is nothing to bar Petitioner from seeking to settle with one of them, before filing a new lawsuit against the person individually.  Comcast's argument on this point, while not relevant to matters now before this Court, reflects yet another attempt on the part of Comcast to mislead the Court.

## CONCLUSION

Petitioner cannot proceed in its copyright infringement action against Comcast's subscriber until it learns his or her identity. Comcast irresponsibly refuses to produce this information. The Court should reverse its denial with prejudice of Petitioner's motion to compel

and order Comcast to produce this information because Comcast has not come close to meeting its heavy burden under Rule 45 for avoiding compliance with Petitioner's subpoena. The Court should also vacate its show cause order because it was premised on Comcast's false representations to this Court.

Respectfully submitted,

BUBBLE GUM PRODUCTIONS, LLC

**DATED**: August 1, 2012

By: /s/ Paul A. Duffy
Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile:   (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Counsel for the Petitioner*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 1, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

  /s/ Paul A. Duffy

PAUL A. DUFFY
