IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUBBLE GUM PRODUCTIONS, LLC,<br><br>    *Plaintiff*,<br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>    *Defendant.* | No. 1:12-mc-00382 (ESH)<br><br>[Underlying civil action pending in the U.S. District Court for the Southern District of Florida, No. 1:12-cv-20367] |

**COMCAST CABLE COMMUNICATIONS, LLC'S
OPPOSITION TO MOTION TO STRIKE**

Comcast Cable Communications, LLC ("Comcast") hereby submits this Opposition to Plaintiff Bubble Gum Productions, LLC's ("Bubble Gum") Motion to Strike Comcast's Reply (Dkt. 10) in support of Comcast's Response (Dkt. 8) to this Court's July 27, 2012 Order. (Dkt. 6). Bubble Gum argues that Comcast's reply was an "impermissible" "reply to reply." Bubble Gum misunderstands Comcast's filing and the docket in this proceeding.

Bubble Gum alleges that it complied with this Court's Order to Show Cause by filing a "motion" in response. (Dkt. 7). Bubble Gum further alleges that Comcast filed a response to Bubble Gum's motion and, thereafter, impermissibly filed a "reply to reply" to Petitioner's Motion. Bubble Gum's assumption that Comcast's filings were in response to a *motion* by Bubble Gum is incorrect. Comcast filed its own cross-response to this Court's order, (Dkt. 8), and thereafter submitted a reply in support thereof. (Dkt. 10). Accordingly, Comcast's filing was not an "impermissible" "reply to reply," as Bubble Gum contends. Moreover, there is no basis to strike any pleading that simply informs the Court of the status and errors in Bubble Gum's responses to the Court's show cause order.

Bubble Gum's motion is clearly an effort to distract attention from the Court's Order. Plaintiff has yet to satisfactorily explain why it filed and then refiled its motion to compel in this Court for information on all Doe Defendants who were Comcast subscribers when the Order from the Florida Court authorizing Plaintiff to issue subpoenas for Doe Defendants 2-80 was vacated and the claims against them dismissed.  *See Bubble Gum Productions, LLC v. Does 1-80*, No. 1:12-cv-20367-PAS, [Dkt. 40] (S.D. Fla. July 19, 2012).

Bubble Gum's current tactic is similar to its prior attempt to turn the tables by arguing for sanctions against Comcast, without providing any basis for sanctions other than that Comcast advised the Court of a dispositive Order from the Southern District of Florida.  (Dkt. 9). Moreover, counsel for Bubble Gum has previously (and unsuccessfully) moved to strike a pleading it dislikes.  *Millennium TGA, Inc. v. John Doe*, No. 1:12-mc-00150-RLW-AK, Minute Order Denying Motion to Strike Reply to Document (D.D.C. June 13, 2012).

WHEREFORE, Comcast respectfully requests that the Court deny Plaintiff's motion to strike.

Dated:  August 20, 2012

        Respectfully submitted,

        /s/ *John D. Seiver*
        John D. Seiver
        Leslie G. Moylan
        Lisa B. Zycherman
        **DAVIS WRIGHT TREMAINE LLP**
        1919 Pennsylvania Ave., N.W., Suite 800
        Washington, DC 20006
        (202) 973-4200

        *Counsel for Non-Party Comcast Cable Communications Management, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of August 2012, true and correct copies of the foregoing document was served via ECF and U.S. Mail upon all counsel of record:

Paul A. Duffy
PRENDA LAW INC.
161 N. Clark Street
Suite 3200
Chicago, IL 60601
(312) 880-9160
Fax: (312) 893-5677
Email: paduffy@wefightpiracy.com

                /s/ *John D. Seiver*
                John D. Seiver