## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BUBBLE GUM PRODUCTIONS, LLC, | ) | |
| | ) | Case: 12-mc-00382-ESH |
| Petitioner, | ) | |
| | ) | Judge: Honorable Ellen Segal Huvelle |
| v. | ) | |
| | ) | |
| COMCAST CABLE | ) | [Case pending in the U.S. District Court |
| COMMUNICATIONS, LLC, | ) | for the Southern District of Florida, |
| | ) | No. 1:12-cv-20367] |
| Respondent. | ) | |
| _____ | ) | |

## PETITIONER'S REPLY TO COMCAST CABLE COMMUNICATIONS, LLC'S OPPOSITION TO MOTION TO STRIKE

Petitioner Bubble Gum Productions, LLC hereby submits this reply to Respondent

Comcast Cable Communications, LLC's ("Comcast") opposition to motion to strike. (ECF No.

12.) In its motion to strike, Petitioner explained that Comcast impermissibly filed a reply to a

reply, and, therefore, its reply should be stricken. (ECF No. 11.) In its response to the motion to

strike, Comcast makes numerous false statements and incorrectly characterizes the pleadings in

this case. (ECF No. 12.) For the reasons set forth below, Comcast's reply (ECF No. 10) should

be stricken.

Comcast argues that its filing was not an impermissible reply to a reply, and that

Petitioner "misunderstands Comcast's filing and the docket in this proceeding." (ECF No. 12 at

1.) Yet, it is Comcast that apparently misunderstands the docket. On July 27, 2012 the Court

filed an order denying Petitioner's motion to compel without prejudice and required Petitioner to

show cause why sanctions should not be issued against it. (ECF No. 6.) In response to the

Court's order to show cause Petitioner filed its motion seeking various forms of relief. (ECF No.

7 at 1-2) ("For the reasons described herein, Petitioner moves the Court to vacate its show cause

order, reverse its denial with prejudice of Petitioner's motion to compel, compel Comcast to

comply with Petitioner's subpoena and strike Comcast's improperly-filed motions."). Comcast

filed a response to Petitioner's motion. (ECF No. 8.) Comcast misleadingly argues that this

pleading was "its own cross-response to this Court's order." (ECF No. 12 at 1.) The Court's

order, however, never requested that Comcast file a response, and instead explicitly addressed its

order to show cause at Petitioner. (ECF No. 6 at 2) (Petitioner "*Bubble Gum* shall show cause

why sanctions should not issue against it for attempting to perpetrate a fraud upon the Court.")

(emphasis added). Indeed, Comcast labeled its pleading as a response to Petitioner's motion and

not to the Court's order.[1] (ECF No. 8.) Finally, the entirety of Comcast's pleading attempted to

counter arguments made by Petitioner in its motion. (*Id.*) Comcast's pleading was cosmetically

and substantively styled as a response to Petitioner's motion. (*Id.*)

On August 1, 2012, Petitioner filed a reply to Comcast's motion, noting that Comcast had

misleadingly styled its response as a "reply." (ECF No. 9.) This, however, did not prevent

Comcast from attempting to get in the last word and file an impermissible reply to Petitioner's

reply. (ECF No. 10.) District of Columbia Local Rule 7 permits a party opposing a motion to file

a responding memorandum in opposition. LCvR 7(b). The Rule also permits a reply

memorandum to be filed by the moving party in support of its motion. LCvR 7(d). The Rule

permits no further pleadings to be filed. *See generally* LCv R 7. Petitioner filed its motion on

July 30, 2012. (ECF No. 7.) Comcast filed its responding memorandum in opposition to

Petitioner's motion on August 1, 2012. (ECF No. 8.) Petitioner filed its reply in support of its

motion also on August 1, 2012. (ECF No. 9.) Comcast impermissibly filed its reply to

---

[1] Comcast incorrectly labeled their response as a "reply," but unambiguously filed their pleading in
response to Petitioner's motion.

Petitioner's reply on August 6, 2012. (ECF No. 10.) Once again, Comcast demonstrates its attitude of impunity with respect to this District's Local Rules.

Comcast further misled the Court by mischaracterizing Petitioner motion to strike as a tactic "similar to its prior attempt to turn the tables by arguing for sanctions against Comcast, without providing any basis for sanctions other than that Comcast advised the Court of a dispositive Order from the Southern District of Florida." (ECF No. 12 at 2.) While Comcast is understandably nervous about the consequences of its outrageous behavior in this matter, its statement is misleading for at least two reasons. First, Petitioner never moved for sanctions against Comcast in its pleading.  (*See generally* ECF No. 9.) Second, Comcast did more than simply advise the Court of an order from the Southern District of Florida; Comcast made the demonstrably false representation to this Court that the Court dismissed Plaintiff's claims. (*Id.* at 1-2.) This Court can take judicial notice of the fact that the underlying action is still pending.

As other courts in this District have recently recognized, Comcast's arguments are entirely without merit. *See, e.g.*, *AF Holdings LLC v. Does 1-1,058*, No. 12-00048 (D.D.C. Aug. 6, 2012), ECF No. 46, attached hereto as Exhibit A; *Hard Drive Productions, Inc. v. Does 1-1,495*, No. 11-1741 (D.D.C. Aug. 13, 2012), attached hereto as Exhibit B. This Court should reject Comcast's attempts to avoid compliance with Plaintiff's subpoena and strike Comcast's filings that have been made in violation of this District's Local Rules.

[intentionally left blank]

Respectfully submitted,

BUBBLE GUM PRODUCTIONS, LLC

**DATED**: August 27, 2012

By: /s/ Paul A. Duffy
Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile:   (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Counsel for the Petitioner*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 27, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                                     /s/ Paul A. Duffy
                                                    PAUL A. DUFFY